STEFANIE H. CLEMENT, ESQ.
Nevada Bar No. 6255
9960 W. Cheyenne Ave., Suite 190
Las Vegas, NV 89129
(702) 341-6997-Office
(702) 341-6558 - Fax
Attorneys for DEBTOR
sclement70@cox.net

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

ARLENE EUGENIO

Debtor.

BK-08-20610-LBR

Chapter 13

Hearing Date: 03/26/09
Hearing Time: 3:30 p.m.

**MOTION TO VALUE COLLATERAL, "STRIP OFF"
AND MODIFY RIGHTS OF ANSON STREET LLC PURSUANT
TO 11 U.S.C. SECTION 506(a) AND SECTION 1322**

Now Comes ARLENE EUGENIO, (hereinafter the "debtor"), by the law firm of CLEMENT LAW OFFICES, and attorney STEFANIE H. CLEMENT, ESQ., and moves this Court pursuant to 11 U.S.C. Sections 506(a) and 1322, and Bankruptcy Rules 3012 and 9014, and states:

1. Debtor filed the instant Chapter 13, Case No.08-20610 on September 15, 2008.

2. On the petition date debtor owned real property located at 10368 Faustine Avenue, Las Vegas, Nevada 89129 (hereinafter the "Subject Property").

3. The value of the Subject Property was not more than $237,820.00 at the time the instant petition was filed. (See Exhibit "A" attached hereto and incorporated herein by reference.)

4. On the petition date, the Subject Property was subject to the following:

COUNTRYWIDE HOME LOANS  (First Deed of Trust);        $257,404.46

RESURGENT CAPITAL SERVICES AS SERVICER

FOR ANSON STREET LLC (Second Deed of Trust);          $67,216.03

1

5. Therefore, on the petition date, no equity existed in the Subject Property above the First Deed of Trust claim of $257,404.46.

6. Resurgent Capital Services, LP as Servicer for Anson Street LLC's Second Deed of Trust claim was wholly unsecured on the petition date and if the Subject Property was sold at auction Resurgent Capital Services, LP as Servicer for Anson Street LLC would be receiving nothing on its second deed of trust.

7. Accordingly, the debtor requests this Court find that Resurgent Capital Services, LP as Servicer for Anson Street LLC's Second Deed of Trust claim is unsecured and is to be reclassified as a general unsecured claim to receive payment, if any, pro rata with other general unsecured creditors through the Debtor's chapter 13 plan.

## LEGAL ARGUMENT

In In re Zimmer, 313 F.3d 1220 (9th Cir. 2002), the Court stated wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. Section 506(a), despite the anti-modification language in Section 1322(b)(2). Specifically, the Court held (at p. 1222-1223):

> Section 506(a) divides creditors' claims into "secured claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, Section 506(a) makes clear that the status of a claim depends on the valuation of the property.
>
> An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim.
>
> 11 U.S.C. Section 506(a). To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim."

2

Here, it is plain that Resurgent Capital Services, LP as Servicer for Anson Street LLC's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Also, see, for example, In re Schreiner, 2008 Bankr. Lexis 116 (U.S. Bankr. Ct., D.Mt., 2008) and Scott v. Countrywide Home Loans, Inc. (In re Scott) 376 B.R. 258 at 291, citing In re Zimmer, supra, with approval.

Accordingly, since Resurgent Capital Services, LP as Servicer for Anson Street LLC's Second Deed of Trust claim is wholly unsecured (in that there is no extant equity above the first deed of trust on the Subject Property), this Court should reclassify Resurgent Capital Services, LP as Servicer for Anson Street LLC's Second Deed of Trust claim as a general unsecured claim to be paid pr rata with like unsecured creditors. Resurgent Capital Services, LP as Servicer for Anson Street LLC should also be stripped off of its Second Deed of Trust secured rights under State law since no maintainable security interest in the subject property exists.

Further, the debtor is not required to file an adversary proceeding to achieve the requested relief herein. Debtor may bring a motion to "strip off" Resurgent Capital Services, LP as Servicer for Anson Street LLC's Second Deed of Trust consensual lien by motion. Se In re Williams, 166 B.R. 615 (Bankr.E.D.Va.1994), In re Fuller, 255 B.R. 300 (Bankr.W.D.Mich.2000), In re Hoskins, 262 B.R.693 (Bankr.E.D.Mich.2001), In re King, 290 B.R. 641 (Bankr.C.D.Ill.2003), In re Millspaugh, 302 B.R. 90 (Bankr.D.Idaho 2003), Dickey v.Ben.Fin (In re Dickey) 293 B.R. 360 (Bankr.M.D.Pa.2003), In re Hill, 304 B.R. 800 (Bankr.S.D.Ohio 2003); In re Sadala 294 B.R. 180 (Bankr.M.D.Fla.2003), In re Fisher, 289 B.R. 544 (Bankr.W.D.N.Y.2003), In re Robert, 313 B.R. 545 (Bankr.N.D.N.Y.2004), In re Bennett, 312 B.R. 843 (Bankr.W.D.Ky.2004).

WHEREFORE, debtor prays that this Court:

1. "Strip off" and extinguish Resurgent Capital Services, LP as Servicer for Anson Street LLC's Second Deed of Trust wholly unsecured lien pursuant to 11 U.S.C. Section 506(a) upon completion of the debtor's chapter 13 plan payments;

3

2. Reclassify Resurgent Capital Services, LP as Servicer for Anson Street LLC's Second Deed of Trust claim as a general unsecured claim to be paid, if at all, pro rata with other general unsecured creditors through the debtor's chapter 13 plan;

3. Deny Resurgent Capital Services, LP as Servicer for Anson Street LLC's right to receive any payment on its Second Deed of Trust during the term of debtor's chapter 13 plan; and

4. For such other and further relief as the Court finds appropriate.

DATED: February 18, 2009

Respectfully submitted,

STEFANIE H. CLEMENT, P.C.

By: *[signature]*
**STEFANIE H. CLEMENT, ESQ.**
Attorney for Debtor
9960 W. Cheyenne Ave., Suite 190
Las Vegas, Nevada 89129

4

EXHIBIT A

| GENERAL INFORMATION | |
|---|---|
| PARCEL NO. | 137-12-513-020 |
| OWNER AND MAILING ADDRESS | EUGENIO ARLENE T<br><br>10368 FAUSTINE AVE<br>LAS VEGAS NV 89129-6441 |
| LOCATION ADDRESS<br>CITY/UNINCORPORATED TOWN | 10368 FAUSTINE AVE<br>LAS VEGAS |
| ASSESSOR DESCRIPTION | LONE MOUNTAIN TERRACES 2<br>PLAT BOOK 114 PAGE 24<br>LOT 20 BLOCK A<br><br>SEC 12 TWP 20 RNG 59 |
| RECORDED DOCUMENT NO. | * 20061129:04776 |
| RECORDED DATE | 11/29/2006 |
| VESTING | NO STATUS |

*Note: Only documents from September 15, 1999 through present are available for viewing.

| ASSESSMENT INFORMATION AND SUPPLEMENTAL VALUE | |
|---|---|
| TAX DISTRICT | 200 |
| APPRAISAL YEAR | 2008 |
| FISCAL YEAR | 08-09 |
| SUPPLEMENTAL IMPROVEMENT VALUE | 0 |
| SUPPLEMENTAL IMPROVEMENT ACCOUNT NUMBER | N/A |

| REAL PROPERTY ASSESSED VALUE | | |
|---|---|---|
| FISCAL YEAR | 2008-09 | 2009-10 |
| LAND | 37800 | 12250 |
| IMPROVEMENTS | 45437 | 45887 |
| PERSONAL PROPERTY | 0 | 0 |
| EXEMPT | 0 | 0 |
| GROSS ASSESSED (SUBTOTAL) | 83237 | 58137 |
| TAXABLE LAND+IMP (SUBTOTAL) | 237820 | 166106 |
| COMMON ELEMENT ALLOCATION | 0 | 0 |
| TOTAL ASSESSED VALUE | 83237 | 58137 |
| TOTAL TAXABLE VALUE | 237820 | 166106 |

| ESTIMATED LOT SIZE AND APPRAISAL INFORMATION | |
|---|---|
| ESTIMATED SIZE | 0.06 Acres |
| ORIGINAL CONST. YEAR | 2004 |
| LAST SALE PRICE<br>MONTH/YEAR | 312000<br>11/06 |
| LAND USE | 1-10 RESIDENTIAL SINGLE FAMILY |
| DWELLING UNITS | 1 |

| PRIMARY RESIDENTIAL STRUCTURE | | | | | | | |
|---|---|---|---|---|---|---|---|
| TOTAL LIVING SQ. FT. | 1476 | CARPORT SQ. FT. | 0 | ADDN/CONV | | NONE | |
| 1ST FLOOR SQ. FT. | 666 | STORIES | TWO STORY | POOL | | NO | |
| 2ND FLOOR SQ. FT. | 810 | BEDROOMS | 3 | SPA | | NO | |
| BASEMENT SQ. FT. | 0 | BATHROOMS | 2 FULL 1 HALF | TYPE OF CONSTRUCTION | | FRAME STUCCO | |
| GARAGE SQ. FT. | 420 | FIREPLACE | 0 | ROOF TYPE | | CONCRETE TILE | |